FILED
SEP 29 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EVELIO ZACARIAS,<br>JESUS LARA,<br><br>    Defendants. | Case #:  22-CR-02139-JO<br><br>**ORDER TO ALLOW VIDEO DEPOSITIONS AND RELEASE OF MATERIAL WITNESSES** |

## ORDER

Pursuant to the motion of Material Witnesses NALLEY GRANDE-MORENO, ARBELIA GUATEMALA-VILLANUEVA, AND RAMIRO FLORES-OSORIO, (hereinafter collectively referred to as "Material Witnesses"), by and through their attorney, Michael S. Pedretti, and good cause appearing:

1.  The Material Witnesses, if still being held in custody, in case number 22-CR-02139-JO, shall be deposed on or before _beginning Oct 17_, 2022, beginning at _9:00_ am/pm . The depositions will take place in the office of the United States Attorney located at 880 Front Street, San Diego, California, or by remote video teleconferencing such as Zoom or Skype.

2.  An employee of the United States Attorney's Office shall serve as the videographer.

3.  All parties shall attend the depositions. If the defendant is in custody, he shall be brought separately to the depositions, and a Marshall shall remain present during the entire proceedings. If the defendant is not in custody and is not present or cannot be brought to Court due to Covid-19 restrictions on inmate travel, the

defendant's appearance shall be made in abstentia by her attorney of record. The arresting agency shall bring the Material Witnesses to the depositions.

4. The United States Attorneys Office shall arrange for a federally court-certified Spanish language interpreter to be present to translate for the material witnesses.

5. The cost of the interpreter for the material witnesses shall be borne by the United States pursuant to 28 U.S.C.§1827(c)(2).

6. If a defendant, represented by counsel appointed under the Criminal Justice Act ("CJA"), needs an interpreter other than the interpreter for the material witnesses (if any), defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. §1827(2)), to be present. The cost of a separate interpreter for the defendants shall be paid with CJA funds if the defendant is represented by counsel appointed under the Criminal Justice Act.

7. The United States Attorneys Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the depositions in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter and transcript shall be borne by the United States Attorneys Office.

8. The depositions shall be recorded by digital audio and video technology or other electronic digital means, which records sound as well as visual images. At the conclusion of the depositions, on the record, the witnesses may elect to review the digital video recording or electronic digital recording (hereinafter referred to as "video recording") of the depositions to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

9. The operator shall select and supply all equipment required to video record the depositions, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and

background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of both the witness' testimony and the statements of counsel.

10. The witnesses, or any party to the action, may object on the record to the manner in which the operator handles of any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the video recording. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis of such objections.

11. The depositions shall be recorded in a fair, impartial and objective manner. The video recording equipment shall be focused on the witnesses. However, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witnesses during the depositions.

12. Before examination of each witness begins, the Assistant U.S. Attorney shall state on the record (a) his/her name, (b) the date, time and place of the deposition, (c) the name of the witness, (d) the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

13. Once the depositions begin, the operator shall not stop the video recorder until the deposition concludes, except that, any party or the witness may request a brief recess, which request shall be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the depositions requires the use of more than one storage disk or drive, the operator shall sequentially identify on the record the end and beginning of each storage device.

14. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on objections at the appropriate time.

The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the depositions.

15. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court.

16. The party offering the depositions into evidence at trial shall provide the Court with a transcript of the portions so offered.

17. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the deposition and filed along with the video record.

18. At the conclusion of each deposition, any objection, including the basis, to release of the material witness from custody shall be stated on the record. If there is no objection, the attorney for the material witnesses shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness" for execution by the attorneys for the Government and defendant and submit the Order to the Clerk of the Court for the Judge's signature.

19. If the parties do not object to the witness' release on the record at the conclusion of the material witnesses depositions, the Government and defense attorney will immediately approve an order for the witness' release from custody.

20. At the conclusion of the material witness depositions, the Government will provide the witnesses with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

21. If any party objects on the record to the release of a material witness from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case, or to such other district judge or magistrate judge as is appropriate. Said request for hearing is to occur within four business hours after the material witness' depositions have concluded for the particular material witness whose release is being objected to. Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within four business hours after

the completion of each respective deposition, with a courtesy copy to chambers. Failure of the objecting party to request this hearing within four business hours, or provide written notice within four business hours of conclusion of a material witness's deposition as required herein, shall be deemed a waiver of the objection to the release of the material witness, and a release order for the material witness shall be submitted for approval at the end of the one business day period. If a hearing is requested to object to the release of any particular material witness, the Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must be prepared to show why release of the material witness is not appropriate under 18 U.S.C. Section 3144. If, after the hearing, the Court orders the release of the material witnesses, the material witness' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witnesses from custody, the Government shall serve the material witnesses with a subpoena for the trial date, a travel fund advance letter and written authorization to legally enter the United States to testify at trial.

  22. Upon request by either party, the video recording operator shall provide a copy of the video recorded depositions at the cost of the U.S. Attorney. After preparing the requested copies, if any, the video recording operator shall turn the original video recording over to the notary along with a certificate signed by the video operator attesting that the video recording is an accurate and complete record of the recorded deposition.

  23 The notary shall file the original video recording, along with any exhibits offered during the depositions, with the Court in a sealed envelope marked with the caption of the case, the name of the witness, and the date of the depositions. To that envelope, the notary shall attach the sworn statement that the video recording is an accurate and complete record of the recorded depositions and a certification that the witnesses were duly sworn by the officer. If all counsel stipulate on the record, the

Government may maintain the original video recording until production is ordered by the Court or requested by any party.

24. To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R.Civ.P. 29.

25. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the depositions with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

**IT IS SO ORDERED.**

DATE: 9/29/22

United States Magistrate Judge